STUCKEY v. LINDLEY.

Opinion delivered December 16, 1907.

1. APPEAL—ERROR NOT AFFECTING APPELLANT.—Appellant cannot complain of an error which affects only a party who has not appealed. (Page 596.)

2. SAME—ERROR AS TO COSTS.—Appellant cannot complain of a trivial amount of costs imposed upon him in the court below, if he made no motion there to retax the costs. (Page 596.)

Appeal from Jackson Circuit Court; *Frederick D. Fulkerson,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellee instituted this action before a justice of the peace by filing his affidavit that Charles Hunter was indebted to him in the sum of $67.70 for some walnut logs sold by appellee to Hunter, and that the purchase money therefor was due and unpaid, and asking judgment for said sum, and that it be declared a lien on the said logs, and at the same time gave a bond to procure the issuance of the order of seizure. Appellee also filed an itemized statement of an account with Hunter, which showed a balance due from Hunter to appellee of $2.45.

Upon the affidavit which was filed the justice issued an order, directing the constable to attach and safely keep the said walnut logs, or so much thereof as would be necessary to satisfy a debt of the appellee against Hunter for $67.70 for puchase money of said walnut logs, and also to summon the

defendant (Hunter), which writ was returned duly served by the constable taking possession of the said walnut logs, and also upon defendant as an ordinary summons.

Hunter filed an answer in which he denied the indebtedness, and denied that the appellee had any right or interest in said logs in any manner whatever, or that he was entitled to any lien on the same or any part thereof.

The East St. Louis Walnut Company interpleaded, and set up that it was the absolute owner of said logs.

There was a trial in the justice of the peace court, which resulted in a judgment against both Hunter and the intervener, and an appeal of both causes was duly prosecuted to the circuit court.

On the trial of the attachment suit in the circuit court, the appellee, to sustain his cause of action, introduced the following testimony, to-wit:

J. W. Lindley, appellee, stated: "I am the plaintiff. Charles Hunter is the defendant. He was, at the beginning of this suit, indebted for $63 for logs and $2.40 on account. The $63 was due for some walnut logs. They are the same logs attached in that suit by the constable. I do not know who had possession of these logs when they were attached, but they had been sold. I understood they had been branded, and that was notice to me that they had been sold."

This was all the evidence in the case.

Whereupon Hunter requested the court to instruct the jury that there can be no lien on the logs in this case, under the pleadings and the evidence, which motion was overruled, and Hunter duly excepted.

Thereupon the court directed the jury to return the following verdict, to-wit. "We, the jury, find for the plaintiff (appellee) in the sum of $65 debt, and that $63 of it is a lien on the logs in controversy."

The motion for a new trial was filed and overruled, exceptions duly saved, time granted to file bill of exceptions, and appeal granted to Hunter.

After this cause was docketed in this court, and appellee had entered his appearance hereto, Charles Hunter, the original

appellant, died, intestate, and by agreement of parties this cause was revived in the name of M. M. Stuckey, as special administrator.

*Campbell & Suits,* for appellant.

Appellee is not entitled to a lien on the logs. To entitle one to a lien on property for its purchase price, the property must be in possession of the vendee, or under his control. 43 Ark. 467; 45 Ark. 136; 49 Ark. 290; 52 Ark. 450; *Id.* 458; 57 Ark. 13; 64 Ark. 132; 68 Ark. 421; 71 Ark. 346; 76 Ark. 273; 78 Ark. 569.

*J. W. Phillips,* for appellee.

Appellant's argument and authorities cited are based upon and applicable only to the rights of the intervener. The intervener's rights were not before the court. Only the rights of the original parties to the suit were being adjudicated. Appellant is not injured by the judgment, and it should be affirmed. 67 Ark. 604.

HART, J., (after stating the facts.) Appellant does not question the correctness of the amount of the judgment, but claims that the court erred in declaring a lien on the walnut logs attached. This only affects the intervener, and his rights are not before the court.

Appellant does not claim any interest in the logs, and was not prejudiced by the declaration of law, if erroneous. *Kelly* v. *Keith,* 77 Ark. 31.

He could only be affected by the trivial amount of costs that accrued by reason of the attachment, and that could have been reached by motion to retax the costs, instead of by appeal. *Thompson* v. *Baxter,* 76 Ark. 327.

Affirmed.