## BOOKER *v*. BLYTHE.

Opinion delivered April 5, 1909.

1. APPEAL AND ERROR—ATTACHMENT—QUESTIONS RAISED.—Where the defendant in an attachment suit admitted the indebtedness sued on, but contested the attachment, and it appears from the testimony that he disposed of the attached property before the day of trial in the court below, the only question left on appeal is as to the costs. (Page 166.)

2. SAME—COSTS.—Appellant cannot complain of a trivial amount of costs imposed upon him in the trial court if he made no motion there to retax the costs. (Page 166.)

3. BANKRUPTCY—PRIOR ATTACHMENT.—An adjudication in bankruptcy will not be held to displace an attachment on the bankrupt's property issued from a State court more than four months before commencement of the bankrupt proceedings. (Page 166.)

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*Frank S. Quinn,* for appellant.
*John N. Cook,* for appellees.

HART, J. The appellees, K. R. Blythe, John Miller, J. W. Lummus and Joe Miller, on the 30th day of October, 1907, instituted separate suits in a justice of the peace court in Miller County, Arkansas, against appellant, J. B. Booker, for wages due, and claiming a laborer's lien on lumber and ties at appellant's mill. On the same day the justice issued a writ of attachment in each case, and these writs were executed by attaching certain lumber and cross ties on the lumber yard of appellant.

On the day of the trial, the justice found in favor of appellees both on the issue of the attachments and as to the amounts claimed to be due them; and judgment was entered accordingly. Appellant duly prosecuted an appeal to the circuit court, and executed appeal bonds according to the provisions of subdivision 3 of § 4666 of Kirby's Digest.

On a trial anew in the circuit court the cases were consolidated and tried together. Appellant admitted the indebtedness, and the jury found the issues on the attachment in favor of appellees. Judgment was accordingly entered by consent for the respective amounts of the indebtedness, and the attachments

were sustained. Judgment was also rendered against the sureties on the appeal bonds. The case is here on appeal, and the only issue raised is as to the attachments. The record does not disclose that the court ever made an order releasing the attached property, or in any other manner disposing of it; but it does show by appellant's own testimony that he sold all of the lumber attached. The attached property was sold by appellant before the trial in the circuit court, but the record does not show the exact time of the sale. Having disposed of the lumber before the date of the trial in the circuit court without having procured an order releasing it, the issue as to the attachment is now a moot question, and will not be considered by the court. The appellant having disposed of the attached property can only be affected by the trivial amount of costs, and that could have been reached by motion to retax the costs, instead of by appeal. *Stuckey* v. *Lindley*, 84 Ark. 594.

Appellant has also filed a petition to stay this suit under section 11a of the bankruptcy act.

The judgment in this case was rendered at the June term, 1908, of the Miller Circuit Court. An appeal was taken, and a supersedeas bond given on the 10th day of July, 1908. The petition in bankruptcy was not filed until the 3d day of December, 1908, more than four months after the rendition of the judgment in the circuit court. The appeal and supersedeas did not have the effect of vacating the judgment, but only of staying proceedings thereunder. *Miller* v. *Nuckolls*, 76 Ark. 485. Therefore, no benefit to the bankrupt's estate can be derived by a stay of the proceedings, and the petition will be denied. *Hill* v. *Harding*, 130 U. S. 699; *St. Louis World Pub. Co.* v. *Rialto Grain & Securities Co.*, 83 S. W. (Mo.) 781.

Judgment affirmed.