## Longley v. McCann.

### Opinion delivered April 26, 1909.

Bankruptcy—jurisdiction as dependent on domicil.—The Bankruptcy Act of 1898, § 2, subdiv. 1, vesting jurisdiction in district courts of the United States to adjudge persons bankrupt who have resided "within their territorial jurisdictions for the preceding six months or the greater portion thereof," contemplates that the district court shall have jurisdiction within whose territorial limits the bankrupt has resided for the greater portion of the preceeding six months. (Page 254.)

2. Same—prior liens.—Clause "f," § 67, of the Bankruptcy Act, invalidating "all levies, judgments, attachments or other liens obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him," applies to voluntary as well as involuntary bankruptcies; clause (1) of § 1, providing that "a person against whom a petition has been filed" shall include a person who has filed a voluntary petition. (Page 255.)

3. Same—garnishment as lien.—Service of a writ of garnishment creates a specific right to have the plaintiff's claim satisfied out of funds or property in the garnishee's hands, which constitutes a lien within the meaning of clause "f" of § 67 of the Bankruptcy Act. (Page 255.)

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; affirmed.

*James E. Hogue,* for appellants.

1. The garnishments served after the judgments were rendered had the effect of an involuntary assignment of said debt, or so much as was necessary to pay the judgments. 6 Ark. 391; 76 Ark. 344.

2. Subdivision "c" of § 67, Bankrupt Act, does not apply to garnishments or other liens when the proceedings out of which they grow were commenced more than four months prior to the filing of the petition in bankruptcy.

3. Subdivision "f," § 67, *Id.,* does not apply to cases of voluntary bankruptcy. 93 Fed. 419; 95 Fed. 953; 91 Fed. 510.

4. The court had no jurisdiction to adjudge Mrs. Martin a bankrupt, unless she had established her domicil, residence or principal place of business within its territorial jurisdiction six months prior to filing her petition. 1 Am. Bank. Rep. 35. A void judgment will not be allowed to affect or influence the decision of any other tribunal. 1 Freeman on Judg. § 117.

*Wood & Henderson,* for appellee.

1. The writ of garnishment, either before or after judgment, only fixes a lien upon the indebtedness of the garnishee from the time the writ is served; service of the writ only fastens in the hands of the garnishee the indebtedness, and then proceedings must be had as in other suits before judgment can be taken against the garnishee. 6 Ark. 391; 3 Ark. 509; 18 Ark. 249; 40 Ark. 531; 39 Ark. 97; 48 Ark. 349.

2. Appellee, McCann, having within four months prior to the filing of the petition in bankruptcy interpleaded as trustee of her bankrupt estate, obtained title to all of her property, and it became his duty to prosecute and defend all suits affecting the same. Black on Bankruptcy, 249 to 266 incl.; 108 Fed. 201. As to jurisdiction of courts of bankruptcy, see 5 Cyc. 293. As to what constitutes "residence," "to reside" and "domicil," it is sufficient to say it means a settled or fixed abode of a permanent character, at least for an indefinite time. It is abode with intention of remaining. 7 Words & Phrases, 6147-6166 Incl.; 69 Pac. 515.

3. Abode, residence, within the territorial limits of the court for any time over three months, *i. e.,* for any time over one-half of six months, was sufficient to confer jurisdiction upon the court to entertain a petition in bankruptcy. 104 Fed. 964; 3 Am. Bank. Rep. 325; 2 Am. Bank. Rep. 158.

4. Liens obtained through garnishment proceedings against a person who is insolvent within four months prior to the filing of his petition in bankruptcy are deemed void in case he is adjudged a bankrupt. 109 Fed. 621; 105 Fed. 897; 187 U. S. 165.

Subdivision "f," § 67, Bankruptcy Act, applies to voluntary as well as involuntary bankruptcy. 45 S. E. 433; 95 Fed. 258; 97 Fed. 775; 97 Fed. 560; 61 N. E. 279.

McCULLOCH, C. J. This case involves a controversy between appellants, as judgment creditors of Mrs. E. G. Martin, and McCann, as trustee in bankruptcy appointed by the United States District Court in New Orleans, La., wherein Mrs. Martin was adjudged a bankrupt on her own petition. Appellants sued Mrs. Martin on January 13, 1906, in the circuit court of Garland County, Ark., where she then resided, to recover judgment for

a debt due by contract, and judgments were rendered in their favor on April 20, 1906.

The Sovereign Camp of the Woodmen of the World, a fraternal insurance society, became indebted to Mrs. Martin in the sum of $2,000 on a policy or certificate of membership issued to her husband, who has since died; and appellants sued out writs of garnishment on their several judgments, which were served on said fraternal society on April 23, 1906. Mrs. Martin removed to New Orleans, and established her residence there on April 12, 1906, and on July 16, 1906, filed her voluntary petition in bankruptcy in the United States District Court there. She was duly adjudged a bankrupt by the court, and appellee McCann was appointed trustee of the bankrupt's estate and, by order of court duly entered, was authorized to sue to recover this debt, alleged to be due the estate of the bankrupt. He filed his interplea in the garnishment proceedings in the circuit court of Garland County, and asked that the lien acquired by appellants by virtue of service of said writs of garnishment be dissolved. Afterwards said garnishee appeared and paid the money into court, subject to distribution by the court, and was discharged. The circuit court rendered judgment in favor of appellee as intervener for the fund in court, and ordered it paid over to him; from which judgment appellants prayed an appeal to this court.

It is contended in the first place that the bankrupt court at New Orleans had no jurisdiction to adjudge Mrs. Martin to be a bankrupt, and that its judgment was void. She had resided within the jurisdiction of that court three months and three days when her petition was filed. The Federal bankruptcy statute of 1898 (subdivision 1, sec. 2) lodges the jurisdiction in district courts of the United States to "adjudge persons bankrupt who have had their principal place of business, resided, or had their domicil within their respective territorial jurisdictions for the preceding six months, or the greater portion thereof." Appellants contend that this jurisdictional provision should be construed to mean that the insolvent who petitions to be adjudged a bankrupt must have resided within the territorial limits of the court for at least six months preceding the filing of the petition, and that during that time he must not have absented himself as much as three months of the time. In other words, that the residence of the bankrupt

must have existed within the jurisdictional limits for the whole of the preceding six months, and that temporary absence therefrom for the minor portion of that period would not defeat jurisdiction. A different construction, however, has been uniformly placed on this provision by the courts. I Remington on Bankruptcy, § 34; In re *Plotke,* 104 Fed. 964. Under this provision the court has jurisdiction within whose territorial limits the bankrupt has resided for the greater portion of the preceding six months.

The next question presented is whether or not subdivision "f" of sec. 67 of the Bankruptcy Act is applicable to a case of voluntary adjudication of bankruptcy. That subdivision reads as follows: "That all levies, judgments, attachments or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt." Subdivision I of sec. I of the act contains the following definition of the term "a person against whom a petition has been filed," and declares that it shall include a person who has filed a voluntary petition. The courts have very generally held that subdivision "f" applies to voluntary bankruptcies as well as to involuntary bankruptcies. I Remington on Bankruptcy, § 1464; *Mencke* v. *Rosenberg,* 202 Pa. St. 131; In re *Benedict,* 8 Am. B. Rep. 463; In re *Richards,* 96 Fed. 935; *McKenney* v. *Cheney,* 118 Ga. 387; *Jones* v. *Stevens,* 94 Me. 582; *Doyle* v. *Heath,* 22 R. I. 213. There are two or three decisions of district federal courts to the contrary, but they have generally been disapproved, and the rule above announced has been approved in the very great majority of adjudged cases. We entertain no doubt that that is the proper construction of the statute.

It is next contended that the service of the writ of garnishment operated as a compulsory assignment of the debt due by the garnishee, and that it thereby became, *eo instanti,* the property of the garnishment creditor, and that it was not merely a lien subject to be dissolved by the adjudication of bankruptcy.

Service of a writ of garnishment only gives the plaintiff, at least before judgment is rendered against the garnishee, a specific right, which is in the nature of a lien, to have his claim

satisfied out of funds or property in the hands of the garnishee. *Martin* v. *Foreman,* 18 Ark. 249; *Smith* v. *Butler,* 72 Ark. 350; *Davis* v. *Choctaw, O. & G. Rd. Co.,* 73 Ark. 120.

"Garnishment," says Judge Drake, "is an effectual attachment of the effects of the defendant in the garnishee's hands, differing in no essential respect from attachment by levy, except that the plaintiff does not acquire a clear and full lien upon the specific property in the garnishee's possession, but only such a lien as gives him the right to hold the garnishee personally liable for it or its value, and to restrain the garnishee from paying his debt to the defendant. * * * From the time of the garnishment, the effects in the garnishee's possession are considered as *in custodia legis,* and the garnishee is bound to keep them in safety." Drake on Attachment, 7th Ed. § 453.

"By the weight of authority, the service of the garnishment summons places the property in the garnishee's hands substantially *in custodia legis,* whereby the garnishee acquires special rights as agent of the court, and is entitled to hold the property until the question of his liability is determined, not only against the defendant and those claiming under him, but even against the real owner, who is a stranger to the garnishment suit." Rood on Garnishment, § 194.

We conclude that the service of the writ before the final judgment against the garnishee merely created a lien within the meaning of the bankruptcy statute, and that the provision hereinbefore quoted authorized its dissolution. Finding no error in the judgment of the circuit court, the same is affirmed.