## Baker *v*. Hudson.

### Opinion delivered April 12, 1915.

1. Homestead—Right of Owner to Convey—Right of Creditors—One may convey his homestead for any consideration or purpose for which he pleases, and no creditor can complain of this action, because a creditor has no right to demand its subjection to the payment of his debt.

2. Homestead—Defense—Failure to Assert.—The right to claim a homestead will be concluded by a decree which necessarily involves that issue, and can not be claimed in subsequent litigation.

Appeal from Clay Circuit Court, Western District; *W. J. Driver,* Judge; reversed.

*G. B. Oliver,* for appellants.

The court should have directed a verdict for the defendants. The question whether or not the property was the homestead of appellees was put in issue in the case of *Hovey* v. *Stephens,* and even if this precise question was not in issue in that case, it was a proper defense and ought to have been pleaded. 96 Ark. 545; 76 Ark. 423; 77 Ark. 379; 79 Ark. 185; 84 Ark. 92; 23 Cyc. 1295 (g) *et seq.;* 33 Ark. 454; 23 Cyc. 1239-d, and note; 22 Cyc. 698 (11); Freeman on Judgments, (4 ed.), § 151; Black on Judgments, § § 197, 535.

*F. G. Taylor,* for appellees.

The question of *res judicata* is settled contrary to appellant's contention by the decision of this court in *Stephens* v. *Stephens,* 108 Ark. 53.

SMITH, J. One G. H. Hovey recovered a judgment on March 21, 1907, against J. M. Stephens for a debt contracted in 1903 and 1904. After this debt was contracted he executed a deed to certain lots in the town of Success to his infant children, Maude, Bert and Robert Stephens. His wife joined him in the execution of this deed. Stephens died on the 25th day of March, 1908, but before his death a suit had been begun to set aside this conveyance. His widow and his minor children were made parties defendant to that suit. It was alleged that the conveyance was without consideration, and was made for the fraudulent purpose of hindering and delaying plaintiff in the collection of his debt. The court found the allegations of the complaint were sustained by the proof and cancelled the conveyance and ordered the property there described sold to satisfy the plaintiff's judgment. The decree was affirmed by this court.

The lots were sold under this decree and G. B. Oliver became the purchaser and later conveyed them to appellants. After the sale under this decree Mrs. Stephens refused to surrender possession and a writ of assistance was prayed for. Upon the hearing of the application

for this writ the contention was made that the lots described in the conveyance to the children constituted the homestead of Mr. Stephens, and that, therefore, the sale of them was void. The writ was awarded, however, and Mrs. Stephens and her children were dispossessed. After remaining out of the possession of the lots for some years Mrs. Stephens, who in the meantime had intermarried with a Mr. Hudson, brought suit, in conjunction with her children and with William Stephens, an adult son of J. M. Stephens, but who was her step-son, for the recovery of the possession of these lots. It was alleged in this complaint that J. M. Stephens died seized and possessed of these lots and that the same was his homestead, and the complaint, with the answer, put in issue the questions involved in this litigation.

It was shown upon the trial below that J. M. Stephens had resided in a house not located on the lots in question for a number of years, and that his health having failed he removed to Illinois on that account. Before leaving for Illinois, however, he stored some of his furniture in a house on the lots in controversy and reserved two rooms in that house for that purpose. His health did not improve while he was in Illinois and he returned to this State, where he soon died. He was unable to secure possession of the house now claimed to have been his homestead, and he went to the home of his son William, where he remained until his death some days later. His wife and the minor children, however, moved into the house in question before the death of Mr. Stephens and resided there until they were ejected under the writ of possession. The evidence shows that Mr. Stephens was himself prevented from moving into the house only because of his illness and subsequent death, and that it was his intention to occupy the house as his homestead when he caused his family to move into it.

The deposition of William Stephens, which was taken in the former case, was read in evidence in the present case, and from this deposition it appeared that the house and lots in question were claimed as a homestead at that time.

Instructions were given defining a homestead and the action necessary to impress that character upon a piece of property.

At the request of appellants the court gave the following instruction: "If you find from a preponderance of the evidence that in the trial of the case of G. H. Hovey against Luella Stephens, Maud Stephens, Bert Stephens and Robert Stephens evidence was introduced by defendant to show that the property in controversy was the homestead of plaintiffs in this case; that said issue was submitted to the chancery court; that plaintiffs appealed to the Supreme Court and the same question was presented in briefs to the Supreme Court, you will find for the defendants, even though they now bring other witnesses who give stronger testimony on that point and even though it was the homestead of J. M. Stephens."

But the court refused to give an instruction at the request of appellants which was to the effect that the right to claim a homestead was necessarily involved in the original litigation and was concluded by the decree rendered in that case.

The jury returned a verdict in favor of the appellees, and this appeal has been duly prosecuted from that judgment.

Many alleged errors are complained of in the motion for a new trial, which are discussed in the briefs.

(1)  It is chiefly insisted that the decree in the original suit is conclusive of the right of appellees to claim the property as their homestead. We think appellants are right in their contention and it is, therefore, unnecessary to discuss any of the other questions involved in the case. One may convey his homestead for any consideration or purpose for which he pleases and no creditor can complain of this action, because a creditor has no right to demand its subjection to the payment of his debt. Nor need we consider whether the finding of the jury on the question as to whether or not the homestead was in fact claimed in the original suit was unsupported by the evidence. That question was necessarily involved in that case. If the lands were in fact the homestead of

Mr. Stephens at the time of the conveyance to his children, then Stephens had a complete defense to that suit. The principle which controls here was involved in the case of *Fourche River Lumber Company* v. *Walker,* 96 Ark. 540. It was there said:

"It is true that a judgment is conclusive, not only upon the question actually determined, but upon all matters which might have been decided in that suit, but this refers to all matters properly belonging to the subject of the controversy and within the scope of the issues. In other words, the defendant must set forth in his answer all grounds of defense that he may have or he will be held to have waived such defenses as he failed to set out."

(2) It follows, therefore, that the court should have directed a verdict as prayed in appellant's favor, and for the error of the court in refusing so to do the judgment of the court below will be reversed and the cause remanded with directions to set aside the judgment heretofore rendered and render judgment in favor of appellants.