### GRAY *v.* BANK OF HARTFORD.

### Opinion delivered December 23, 1918.

1. HOMESTEAD — ABANDONMENT.—Removal by the owner from his homestead with no present or abiding intention to return to it constitutes an abandonment.

2. BANKRUPTCY—EXEMPTION OF HOMESTEAD—PRIOR LIEN.—Designation and setting aside land as a homestead to a bankrupt in the bankruptcy proceeding does not affect valid and subsisting liens on the property acquired more than four months before the petition in bankruptcy was filed.

3. ATTACHMENT—LIEN.—When an attachment on land is sustained, the lien relates back to the date of issuance, and is a subsisting lien at the time of its award to the owner in his bankruptcy proceedings, so that the setting it apart as a homestead did not affect such lien.

4. BANKRUPTCY—DISCHARGE—PRIOR LIENS.—A discharge in bankruptcy does not affect subsisting liens obtained more than four months before petition was filed.

5. EXECUTION SALE—REDEMPTION—DECREE IN CHANCERY.—Kirby's Dig., § 3279, providing a year for redemption from an execution sale, has no application to a sale under decree of the chancery court, though the suit was originally an attachment at law.

6. JUDICIAL SALES—SECURING POSSESSION UNDER SHERIFF'S DEED.— Kirby's Dig., § § 3304, 3631, providing forcible entry and detainer for possession on execution of sheriff's deed to realty sold under execution, are not binding as to procedure upon a court of equity.

7. EQUITY—JURISDICTION.—When equity acquires possession for one purpose, it it acquires it for all purposes, and it is not error, in a suit to set aside a fraudulent conveyance, originally brought at law, to fail to remand the case to the circuit court after it had canceled the conveyance as fraudulent.

8. JUDGMENT — RES JUDICATA.—A decree of foreclosure in a suit wherein the mortgagor's widow was made a party will not preclude her from claiming dower afterwards unless her dower right was actually put in issue.

9. JUDGMENT—RES JUDICATA.—Plaintiff's right of dower not having been put in issue in a suit of defendant bank against plaintiff and his brother, to cancel plaintiff's deed to latter for fraud, plaintiff was not precluded by an adverse judgment from setting up a claim of homestead in her suit to enjoin the bank and others from ousting him under a writ of possession.

Appeal from Sebastian Chancery Court, Greenwood District; *W. A. Falconer,* Chancellor; affirmed.

*Daniel Hon,* for appellant.

1. The court's holding that appellee's plea of former adjudication was well taken because of appellant's failure to plead the homestead right in the former suit, is in direct conflict with the decision of this court in *Bunch* v. *Keith,* 64 Ark. 654. See also 55 Ark. 55. No mention of these cases is made by the court in *Baker* v. *Hudson,* 117 Ark. 492, relied on by appellee, and it cannot be that the latter case was intended to overrule the former. See also 96 Ark. 540; 11 Am. & Eng. Enc. of L., 390.

2. Counsel reviews the testimony and contends that the land claimed as a homestead was never abandoned by the appellant as such. Being a chancery case, it is tried here *de novo,* and unless the evidence as between the ap-

pellant and appellee is at equipoise, the chancellor's finding is not persuasive. 130 Ark. 465.

3. Appellee's claim against the homestead is concluded by the bankruptcy proceeding. Having through its agent and employee, Holbrook, realized $400 out of its purchase of the Bonanza property above expenses, and having asked nothing of the court in bankruptcy concerning the lands set apart to appellant as his homestead, it cannot now repudiate its action and take the other lands under its judgment. See Loveland on Bankruptcy (1899), p. 339; 196 U. S. 149; 229 U. S. 512; 196 U. S. 93, 25 Sup. Ct. Rep. 216; 121 Am. St. Rep. 414; 11 Am. & Eng. Enc. of L., 390, 391, 428.

4. The sheriff's deed to appellee was premature and void, contrary to the provisions of § 3279, Kirby's Digest. Under an execution sale, the real estate sold may be redeemed within twelve months. Kirby's Dig., § 3292. And a sale under attachment is but a sale under execution. 52 Ark. 290.

5. The action for possession should have been in the circuit court. Appellant pleaded his right to be heard at law. Kirby's Dig., §§ 3304, 3631.

*Geo. W. Dodd,* for appellees.

1. The plea of former adjudication was well taken. Whether *Baker* v. *Hudson,* 117 Ark. 492, overrules *Bunch* v. *Keith,* 64 Ark. 654, and *Robinson* v. *Swearingen,* 55 Ark. 55, it is not necessary to determine. There are points of difference which distinguish this case from these earlier cases, and bring it well within the principles laid down in *Baker* v. *Hudson.* See also 96 Ark. 540.

Appellant is concluded by the decree awarding the writ of possession, and also by the order of the court made when the sale was confirmed. He was a party to those proceedings, and they are final adjudications of the right to possession of the lands.

Actual removal from the farm raises a presumption of abandonment, to rebut which it is incumbent upon the claimant to show that, notwithstanding his removal, it

was always his intention to return. 60 Ark. 262; 101 Ark. 101; 74 Ark. 88; 76 Ark. 575; 68 Ark. 76; 103 Ark. 574.

2. Appellees are not concluded by the bankruptcy proceedings. Appellee bank might have purchased the Bonanza property at the trustee's sale instead of from Holbrook and still not have been accountable to appellant in any manner. The lots were never sold under the bank's judgment.

Appellant cannot complain because the bank did not ask anything in the bankruptcy court. Its order of November 12, 1915, recognizes and is an adjudication, that the bank had a lien on the farm property, and this lien it has never relinquished. If appellant chose to claim land as homestead against which there existed valid liens, the bank could only stand upon its legal rights and assert its lien in the proper forum.

The attachment was placed in the hands of the officer October 16, 1914, and having been levied by him on the property, the farm lands, became a specific lien thereon from that date. 54 Ark. 179; 56 Ark. 292; 58 Ark. 252; 87 Ark. 406; 15 Ark. 331; 39 Ark. 97; 67 Ark. 359; 29 Ark. 85; 64 Ark. 96; 60 Ark. 394.

The lien having been filed more than four months prior to the finding of the bankruptcy proceedings, was not affected by the bankruptcy proceedings. 187 U. S. 165; 119 Fed. 868; 3 Remington, Bankruptcy, p. 768, § 2672, et seq.; 187 U. S. 177; 190 U. S. 294; 155 Fed. 913; 229 U. S. 511; 158 Fed. 606; 22 Am. Bankruptcy Rep., 621, 171 Fed. 897; 19 A. B. R. 621, 156 Fed. 794; 104 Ark. 234; 129 Ark. 218; 7 Corpus Juris, Bankruptcy, § 289, and notes.

The bankruptcy court having, under Gray's claim, set the land aside to him as exempt, it had no jurisdiction to adjudicate liens against the property. That jurisdiction remained in the State courts. 7 Corpus Juris, Bankruptcy, § 642; 104 Ark. 234; 129 Ark. 218.

Under the proof, there is no merit in the contention that the setting aside of the land as homestead to the appellant by the bankruptcy court is *res judicata* and con-

clusive against the bank in this case. 51 Ark. 84. As against general creditors Gray could impress the land with the homestead character after he returned from Texas; but such impressment would not annul existing liens. 74 Ark. 592; 66 Ark. 382; 40 Ark. 69; 101 Ark. 296; 56 Ark. 621; 41 Ark. 94.

It is well settled that exemptions in bankruptcy are allowed under State laws as interpreted by the State courts. 7 Corpus Juris, Bankruptcy, § 619. The question really decided in *Smalley* v. *Laugenour*, 196 U. S. 93, relied on by appellant, was one of jurisdiction, and not the question of *res adjudicata.*

3. The sheriff's deed was neither prematurely executed nor prematurely ordered by the court. Upon transfer of the original case, that court acquired complete jurisdiction both of the parties and the subject matter. 33 Ark. 328; *Id.* 454. The right of redemption does not exist in this case. That right in attachment cases is confined to sales made under the *orders of a court of law.* 52 Ark. 290.

4. Appellant was a party to the original suit in which the writ of possession was awarded, and this order was not objected to nor appealed from. The court had inherent authority to enforce its decree in this respect, as well as authority under the statute to issue writs of possession or assistance. Kirby's Dig., § 4476.

The discharge in bankruptcy operates *in personam.* Appellee is not proceeding against appellant personally, but against the property upon which it has a valid lien which was not discharged or impaired by the bankruptcy proceedings. 7 Corpus Juris, p. 411, § 729; *Id.*, p. 411, § 731, and notes.

HUMPHREYS, J. This suit was instituted in the Greenwood District of the Sebastian Chancery Court by appellant against appellees, to enjoin them from ousting him under writ of possession from 160 acres of land near Bonanza, Arkansas, claimed by him as a homestead, and, for that alleged reason, not subject to process.

Appellees answered denying that the land was appellant's homestead and exempt to him under the laws of the State.

The cause was heard upon the pleadings and evidence, from which the court found that the land was not the homestead of appellant, and decreed a dismissal of his bill for the want of equity. From the decree of dismissal an appeal has been prosecuted to this court, and the cause is before us for trial *de novo*.

Appellant was the owner of a 209-acre tract of land near Bonanza, Arkansas, of which the 160-acre tract in question was a part, as well as some lots in Bonanza on which he resided. On the 11th day of September, 1914, he conveyed the Bonanza property to W. B. Martindale who conveyed it to him in December of the same year; and, on the 15th day of October, 1914, conveyed the 209-acre tract to his brother, G. W. Gray, in payment of an indebtedness to him, and put him in possession of same. On October 16, 1914, appellee, Bank of Hartford, brought suit in attachment on two notes against J. B. Gray and B. Troutt in the Greenwood District of the Sebastian Circuit Court and levied the attachment upon the 209-acre tract of land of which the 160-acre tract in question was a part. J. B. Gray, at that time, was in Texas with his family and was served by warning order. G. W. Gray intervened in the suit, setting up title to the 209-acre tract of land under the deed aforesaid from his brother. Appellee, Bank of Hartford, filed an answer denying the allegations of the intervention, and a cross-bill against G. W. Gray and J. B. Gray, alleging that the conveyance was fraudulent as against creditors and sought the cancellation thereof. The cause was then transferred to the chancery court. J. B. Gray entered his appearance to the cross-bill but filed no pleading. While no answer was filed to the cross-bill by G. W. Gray, the cause was submitted to the court upon the issue, among others, as to whether the conveyance of the 209-acre tract was a fraud upon the creditors of appellant, J. B. Gray. J. B. Gray made no contention in that case that the

160-acre tract of land included in the 209-acre tract was his homestead. The cause was heard on June 7, 1915, and the court rendered judgment on that date against J. B. Gray and B. Troutt for $3,739.05, sustained the attachment, dismissed the intervention of G. W. Gray for want of equity and ordered a sale of the land to satisfy the judgment. On August 30, 1915, G. W. Gray reconveyed the 209-acre tract to his brother, J. B. Gray. On the 22nd day of September, 1915, appellant filed a petition in bankruptcy in the Federal Court for the Western District of Arkansas at Fort Smith and was adjudged a bankrupt on September 25, 1915. In that proceeding he filed a schedule of all his property, both real and personal, including the tract in question, and all of his indebtedness, including the judgment obtained against him on June 7, 1915, by the Bank of Hartford. On October 29, 1915, in the course of the bankruptcy proceedings, the appellant was awarded the 160-acre tract in question as a homestead. Shortly after that time, he received his discharge in bankruptcy. Thereafter, the 209-acre tract of land was advertised for sale under the decree rendered on June 7, 1915, and appellant filed a petition in the chancery court seeking to restrain the sale of the 160-acre tract of land, alleging that it was his homestead at and after the time the attachment was levied upon it. That issue was tried out, but, prior to the rendition of any judgment thereon, appellant was permitted to take a nonsuit. On May 22, 1916, the trustee in bankruptcy sold the equity in the Bonanza property to Cary Holbrook who was connected with the Hartford Bank, for the sum of $35. On May 24th thereafter the sale was approved by the referee in bankruptcy. It seems that Cary Holbrook gave the bank the benefit of his purchase and that the bank thereafter realized $400 out of said property. On March 23, 1917, the sheriff proceeded to sell the 209-acre tract of land under order of court, at which sale the Bank of Hartford purchased it for $1,500 and applied the purchase price on its judgment against J. B. Gray and B. Troutt. Appellant

gave notice at the sale that the 160-acre tract had been set off to him as a homestead in the bankruptcy proceedings. The sale was reported to the court, and, on April 25, 1917, was approved, and deed ordered and writ of possession directed. The deed was executed by the sheriff to appellee, Hartford Bank, on the 27th day of June, 1917. Immediately thereafter a writ of possession for the property was ordered and placed in the hands of the sheriff. The purpose of this suit was to enjoin the execution of that writ.

We have read the facts responsive to the issue of whether appellant had abandoned the 160-acre tract as a homestead at the time the attachment was issued and placed in the hands of the sheriff under the attachment proceeding by appellee, Hartford Bank, against J. B. Gray and B. Troutt. We deem it unnecessary to extend the opinion by incorporating a written analysis of the evidence. Appellant had not resided on the tract of land in question for eight or ten years at the time the attachment was levied. He engaged in the mercantile business in Bonanza during this extended absence from the farm and resided in that town in a substantial dwelling house of his own, worth about $1,000, which was perhaps the best dwelling in the town. On October 14, 1914, he sold the 209-acre tract of land to his brother, placed him in possession thereof and removed to Texas. Prior to going to Texas he had conveyed all of his other real estate to W. B. Martindale. The attachment was levied on the tract in question after he removed to Texas. Upon his return the Bonanza property was conveyed back to him by W. B. Martindale. Appellant then entered his appearance to the suit, in which his brother, G. W. Gray, had intervened, laid no claim whatever to the land as a homestead but testified that he had sold to, conveyed and placed his brother in possession of it in good faith. It is true that he visited the farm frequently while he resided in Bonanza, and, when he burned out there, told his brother-in-law that he intended to return to the farm. There is also some evidence tending to show that he moved to Texas

temporarily for the benefit of his health. The great weight of the evidence, however, shows that he abandoned the farm as a homestead before he went to Texas. Touching the abandonment of a homestead, this court has laid down the following rule: ''The abandonment of a homestead is almost, if not entirely, a question of intent. This intent must be determined from the facts and circumstances attending each case.  *  *  *  If, at the time of the removal, there is no present or constant and abiding intention to return to it and preserve same as a homestead, then such removal from the land will constitute an abandonment of it as a homestead.'' *Stewart* v. *Pritchard*, 101 Ark. 101; *Whipple* v. *Keith*, 134 Ark. 202, 203 S. W. 841. Our conclusion is that appellant moved from the tract in question to his Bonanza home without any present intention, which constantly abided with him, to return to his former homestead.

But appellant contends that the issue of homestead involved in this case was concluded by the award of the tract of land to him as a homestead in the bankruptcy proceedings. The designation and setting aside of property as exempt to a bankrupt in a proceeding in bankruptcy does not, and can not, affect valid and subsisting liens on the property claimed as exempt and exempted to the bankrupt, which liens had been acquired or given more than four months before the petition in bankruptcy was filed. 1 Loveland on Bankruptcy, sec. 477; *Lockwood* v. *Exchange Bank*, 190 U. S. 294; *Lucius* v. *Cawthon-Coleman Company*, 196 U. S. 149; *Morris* v. *Covey*, 104 Ark. 226. In the instant case, an attachment was issued and placed in the hands of the sheriff on the 16th day of October, 1914, and levied on the property in question on the 22nd day of October, 1914, and was sustained on June 7, 1915. When sustained it related back to the date of issuance, and was a valid and subsisting lien on the property in question at the time of the award of it to appellant as exempt in the bankruptcy proceedings, so the setting apart of it to him as a homestead could not, and did not, in any way affect the attachment lien.

Appellant also insists that his discharge in bankruptcy extinguished appellee's Bank of Hartford's judgment; that all proceedings and sale thereunder were void and passed no title to appellee bank. We do not so understand the law. A discharge protects a bankrupt from further personal liability but does not affect valid and subsisting liens. An attachment, garnishment, or judgment lien obtained more than four months before a petition in bankruptcy is filed, is unaffected by the discharge of the bankrupt. 7 C. J., secs. 728 and 731, p. 411.

Appellant insists that because appellee, Bank of Hartford, was the purchaser through J. C. Holbrook of the Bonanza property, from the trustee in bankruptcy, and received the benefit therefrom, that it is estopped from enforcing its lien on the 209-acre tract. The trustee had a right to sell the Bonanza property and the bank had a right to purchase it. The lien on the 209-acre tract was not affected by the proceeding in bankruptcy. The lien on the 209-acre tract was not connected with the Bonanza property but was independent of it, so we are unable to see that the sale of it by the trustee and the purchase of it by the bank could estop the bank from enforcing the lien on the 209-acre tract.

Appellant also insists that the sheriff's deed was premature and could not have been made until the expiration for redemption under section 3279 of Kirby's Digest. It is also insisted that appellant had a right to redeem the land under section 3279 of Kirby's Digest within twelve months after sale. It is true the original suit was a suit in attachment brought on the law side of the docket but it developed into a bill to set aside a fraudulent conveyance and subject the property to the payment of a creditor's claim. While the attachment served the purpose of fixing the lien and impounding the property, it did not follow that the subsequent sale was a sale under execution or attachment. It was a sale under an order of court which had jurisdiction to carry out its decrees effectively by orders, so the sections of the statute referred to have no reference to the case of sales ordered by chancery

courts. Neither do we think sections 3304 and 3631 of Kirby's Digest are in any way binding as to procedure upon a court of equity. When a court of equity has acquired jurisdiction for one purpose, it takes the case for all purposes, and it was not error to fail to remand the case to the circuit court after it had canceled the conveyance as fraudulent.

These rulings are conclusive of this case, but the contention made by appellee that appellant was precluded from claiming the homestead in this action on the ground that it was necessarily included within the issues made on the bill to set aside the conveyance for fraud, and therefore *res adjudicata;* and the contrary contention of appellant that he was not precluded by that adjudication, but had a right to claim his homestead exemptions until ousted by writ of possession; together with the suggestion that there is a conflict in this particular between the case of *Baker* v. *Hudson,* 117 Ark. 492, and *Bunch* v. *Keith,* 64 Ark. 654, moves us to announce that we adhere to the doctrine in *Bunch* v. *Keith, supra,* as a rule of property. It does not follow that the case of *Baker* v. *Hudson, supra,* is overruled. In the latter case, the widow and children, in whose names the cause was revived, had been ousted from possession of the property claimed as a homestead by legal proceedings; and, after remaining out of possession for several years, brought suit for the possession thereof. The case of *Baker* v. *Hudson, supra,* was decided right, but it should have been put on the ground that the homestead claimant had been ousted from the homestead by legal proceedings before instituting suit to recover same, and not upon the ground that the homestead right was necessarily involved within the issue presented by the pleadings and evidence in the original suit. Had the ruling announced in *Bunch* v. *Keith,* 64 Ark., *supra,* been called to the attention of the court at the time it decided the case of *Baker* v. *Hudson,* a different reason would have been assigned for the decision in the latter case, which reason would have clearly distinguished the cases. A decree of foreclosure

in a suit wherein the widow of the mortgagor was made a party will not bar her from afterwards claiming dower unless her right of dower was actually put in issue. *Mc-Whirter et al.* v. *Roberts,* 40 Ark. 283; *Fourche River Lumber Co.* v. *Walker,* 96 Ark. 540. If this be true as to the dower right, we can see no good reason why the same rule should not apply to the homestead right. Under section 3902 of Kirby's Digest, the debtor residing upon the homestead, or one not residing thereon, but owning no other lands, may set up his right of homestead when suit is brought against him for possession of the land. The right of homestead not having been put in issue in the suit of appellee against appellant and G. W. Gray to cancel the deed from appellant to G. W. Gray for fraud, appellant was not precluded by the judgment in that case from setting up his claim of homestead in the instant case in opposition to the writ of possession issued to oust him.

No error appearing, the decree is affirmed.

McCULLOCH, C. J., and SMITH, J., concur.