CLOVERLEAF DEVELOPMENT, INC.
*v.* Robert L. PROVENCE et ux

81-8                                    616 S.W. 2d 16

Supreme Court of Arkansas
Opinion delivered May 26, 1981

*Jones & Segers*, for appellant.

*Mills & Baugus*, for appellees.

F<small>RANK</small> H<small>OLT</small>, Justice. This appeal results from the chancellor's granting summary judgment in favor of appellees, ruling that the discharge in bankruptcy of their debt, scheduled as unsecured, was *res judicata* and barred a foreclosure action.

Appellees borrowed $18,283.35 from the appellant and executed a mortgage in December of 1977 to secure their note for this amount. A first mortgage on the property in favor of Farm Home Administration was already in existence. Appellant did not file its mortgage. Approximately one year later, appellees filed a voluntary petition in bankruptcy and listed their debt to appellant as unsecured. Also listed was the mortgaged real estate, which appellant claimed, and was approved, as being exempt as their homestead pursuant to Art. 9, §§ 3 and 4, Arkansas Constitution (1874). Appellant filed a response to the petition asserting the validity of the mortgage and requesting the debt not be discharged on the exempt real property.

Appellant filed its mortgage on January 31, 1979, the same day the bankruptcy judge signed the order approving the trustee's report exempting the claimed homestead property and abandonment of that property as part of the bankrupt's estate. On May 4, appellant filed this action in chancery court to foreclose on the mortgage. One week later, May 11, the scheduled unsecured debts of the appellees, including the one in issue, were ordered discharged by the bankruptcy court. Appellees pleaded, and the chancellor agreed, the bankruptcy proceeding was a complete bar to this foreclosure action. The sole issue on appeal is the effect of the discharge in the bankruptcy proceedings upon the appellant's right to thereafter foreclose its mortgage on exempt property. Stated another way, whether the setting aside of the real property as being exempt and the subsequent discharge of personal liability on the underlying debt

14

bars the enforcement of the provisions of the appellees' mortgage to appellant.

It is true, as appellant asserts, that an unrecorded mortgage is good and binding as between the parties and constitutes a valid lien on the property except as to the legal rights of third parties. *Morgan* v. *Kendrick*, 91 Ark. 394, 121 S.W. 278 (1909); *Shuffield* v. *Raney*, 226 Ark. 3, 287 S.W. 2d 588 (1956); and *Western Tire & Timber Company* v. *Campbell*, 113 Ark. 570, 169 S.W. 253 (1914). Thus, the debt here, although scheduled in bankruptcy as unsecured as against the trustee and general creditors, was the basis of a lien that is valid as between the parties.

However, appellees contend the Order of Discharge, when no stay of the proceedings was sought or issued, included discharge of the debt and, therefore, the decision of the bankruptcy court is *res judicata*. Consequently, appellant's action to enforce the terms of the mortgage constitutes a collateral attack on that order. We must disagree. The great weight of authority supports the rule stated in Collier on Bankruptcy, § 17.29 (14th Ed. 1978):

> ... A discharge, being personal in character, releases the bankrupt's personal liability only. It follows, therefore, that a valid lien on property of the bankrupt existing at the time of the adjudication in bankruptcy, which is not avoided by the Bankruptcy Act, may be enforced notwithstanding the discharge of the bankrupt. ...

See also 9 Am. Jur. 2d Bankruptcy, § 270 (1980).

This is the rule that has been followed in Arkansas. In *Gray* v. *Bank of Hartford*, 137 Ark. 232, 208 S.W. 302 (1918), cert. den. 249 U.S. 608 (1919), this court held that "[a] discharge protects a bankrupt from further personal liabilty but does not affect valid and subsisting liens." See also *Hutchinson* v. *First Nat. Bank of Lepanto*, 156 Ark. 142, 246 S.W. 484 (1922).

Under the bankruptcy code in effect at the time this

petition in bankruptcy was filed, all claims against exempted property were determined in state courts, being outside the jurisdiction of the bankruptcy court as not constituting any part of the assets in bankruptcy. Collier, supra, §§ 6.05, 6.12. See also *Bush* v. *Shepherd*, 205 P. 2d 842 (Ore. 1949).[1] In *Gray* v. *Bank of Hartford, supra*, we held:

> ... The designation and setting aside of property as exempt to a bankrupt in a proceeding in bankruptcy does not, and can not, affect valid and subsisting liens on the property claimed as exempt and exempted to the bankrupt, which liens had been acquired or given more than four months before the petition in bankruptcy was filed.

See also 9 Am. Jur. 2d, Bankruptcy, § 314 (1980).

Thus, we hold that although the personal liability of the appellees on the underlying debt was discharged in the bankruptcy proceedings, the unrecorded lien on the exempt property, being valid as between the parties, was not affected by the discharge and its enforcement was left to the jurisdiction of the state courts. Therefore, the trial court erred in granting summary judgment to appellees on the basis of the discharge in bankruptcy.

Reversed.

---

[1] According to 9 Am. Jur. 2d, Bankruptcy, § 243 (1980), "[u]nder the Bankruptcy Code of 1978, however, even property which the debtor may claim as exempt either under bankruptcy or nonbankruptcy law is included as property of the estate." The proceedings here were initiated prior to the effective date of this act.