Douglas W. ROGERS and Vivian Elaine Rogers *v.* GREAT AMERICAN FEDERAL SAVINGS AND LOAN ASSOCIATION

90-89                                         801 S.W.2d 36

Supreme Court of Arkansas
Opinion delivered December 17, 1990

*Crockett & Brown, P.A.*, by: *Richard E. Worsham*, for appellant.

*Wooton and Slagle, P.A.*, by: *Richard H. Wooton*, for appellee.

DAVID NEWBERN, Justice. The appellants, Douglas W. and Vivian Elaine Rogers, mortgaged their homestead to the appellee, Great American Federal Savings and Loan Association (Great American), to secure a $500,000 note. The Rogerses borrowed the money and executed the note in favor of Great American to finance Mr. Rogers' home-building business. After default, the Rogerses defended against a foreclosure action on the ground that their homestead was not subject to foreclosure because of the homestead exemption. Ark. Const. art. 9, § 3. They contend the waiver of homestead rights contained in the mortgage instrument they signed is invalid because it violates the Constitution and because of an improper acknowledgement. We affirm the chancellor's holding that the homestead rights were waived.

### 1. The homestead exemption

The Rogerses have presented research on the history of the

homestead exemption in Arkansas, including discussion of the constitutional debates with respect to art. 9, § 3, as it appears today and in the 1868 predecessor to our current document. Article 9, § 3, now reads, in pertinent part, as follows:

> The homestead of any resident of this State who is married or the head of a family shall not be subject to the lien of any judgment, or decree of any court, or to sale under execution or other process thereon, except such as may be rendered for the purchase money or for specific liens, laborers' or mechanics liens for improving the same,
> . . . .

They argue that the exception for "specific liens" is general language limited by the specific succeeding reference to "laborers' liens or mechanics' liens." As the mortgage lien in this case is neither for purchase money nor a laborer's or mechanic's lien, they contend it is not excepted from the prohibition. They also argue that the protection they are given by the constitutional provision is not subject to waiver. We need not consider the question presented about the grammatical construction of the constitutional language because we find that, regardless of whether the mortgage was the type of specific lien contemplated, any protection to which the Rogerses might have been entitled was waived by them.

### 2. Waiver

### a. The acknowledgement

The Rogerses argue that the acknowledgment of their signatures required by Ark. Code Ann. § 16-4-101 (1987) for recording purposes was defective. They contend that the waiver of homestead was thus ineffective.

The eligibility of the mortgage for recording is irrelevant to its validity as between the parties to it. *Shuffield* v. *Raney*, 226 Ark. 3, 287 S.W.2d 588 (1956); *Leonhard* v. *Flood*, 68 Ark. 162, 56 S.W. 781 (1900). *See also Cloverleaf Development, Inc.* v. *Provence*, 273 Ark. 12, 616 S.W.2d 16 (1981); *Western Tie & Timber Co.* v. *Campbell*, 113 Ark. 570, 169 S.W.2d 235 (1914). Even if we agreed the acknowledgement was defective it would not affect the validity of the mortgage as between the Rogerses and Great American.

### b. Constitutionality

The Rogerses argue that because of the mandatory nature of the language in art. 9, § 3, a person entitled to the benefit of a homestead exemption may not waive it. They cite *Starr* v. *City National Bank*, 159 Ark. 409, 252 S.W.2d 356 (1923), and *Phillips* v. *Colvin*, 114 Ark. 14, 169 S.W. 316 (1914), but neither case supports the argument. Nor do any of several Texas cases cited by the Rogerses go that far in interpreting a similar Texas Constitution provision. *See, e.g., Curtis Sharp Custom Homes, Inc.* v. *Glover*, 701 S.W.2d 24 (Tex. App. 5 Dist. 1985); *Barnett* v. *Eureka Paving Co.*, 234 S.W. 1081 (Tex. App. 1921).

While we are tempted to research and write about the general issue of waiver of constitutional rights, we decline to do so because no argument in that respect has been offered by the parties.

■ This court has recognized waivers or releases of homestead rights for many years, *Mayfield* v. *Sehon*, 205 Ark. 1142, 172 S.W.2d 914 (1943); *Free* v. *Harris*, 181 Ark. 644, 275 S.W. 510 (1930); P. Jones, *Arkansas Titles*, § 889 (1935). Although none of our opinions reveals that an argument was made to the effect that the language of art. 9, § 3, prohibits waiver, we have been presented with no convincing authority that our long standing recognition of waivers or releases of homestead rights has been in error.

Affirmed.