## BUNCH *v.* KEITH.

Opinion delivered January 29, 1898.

HOMESTEAD—WHEN RIGHT TO CLAIM NOT LOST.—A judgment sustaining a bill to set aside a conveyance of his homestead by a debtor as fraudulent, and ordering it to be sold, will not debar him from claiming it as exempt before the sale. (Page 600.)

Appeal from Logan Circuit Court.

J. V. BOURLAND, Special Judge.

*Rowe & Rowe,* for appellant.

The owner of a homestead does not lose it by not claiming before sale under a judgment or decree of court. 55 Ark. 55; 49 Ark. 299; Const. of Ark. (1874), art. 9, § 4, and authorities cited; Sand. & H. Dig., § 3714; 55 Ark. 139. Fraudulent conveyance of a homestead does not forfeit it. As to the homestead, there are no creditors. 33 Ark. 762; *ib.* 454; 44 Ark. 130; 43 Ark. 429; 44 Ark. 180; 52 Ark. 101; *ib.* 493; 56 Ark. 156; 55 Ark. 253; 57 Ark. 242. The homestead law is to be liberally construed. 38 Ark. 112.

*J. Frank Keith,* for appellees.

Homestead exemptions must be claimed by a debtor in the suit to set aside a fraudulent conveyance by such debtor, otherwise they are waived. 33 Ark. 454; Const. of Ark. (1868), art. 12, § 3; Const. of Ark. (1874), art. 12, § 3; 28 Ark. 485; 47 Ark. 400; 55 Ark. 139. The act of March 18, 1887, extends only to cases of claiming of homestead as exempt from sales under execution. Hence the rule in *Turner* v. *Vaughan,* 33 Ark. 454, applies.

BATTLE, J. On the 15th of February, 1892, J. A. Keith and M. A. Keith, partners doing business under the firm name and style of J. A. Keith & Co., recovered a judgment against William Bunch for the sum of $113.71 and caused an execution to be issued on the same, which was never satisfied, because no property could be found on which to levy. In the

same year they recovered another judgment against the same person for the additional sum of $16. In July, 1892, they brought suit in the Logan circuit court against William Bunch, Isaac Bunch, Mary A. McInturf and A. E. McInturf, to cancel two deeds by which William Bunch conveyed certain lands to Isaac Bunch and Mary A. McInturf, alleging that the deeds were executed for the purpose of defrauding the creditors of the grantor. At its August term, 1893, the circuit court set aside and cancelled the deeds, and ordered that the lands thereby conveyed be sold, and the proceeds of the sale be appropriated to the payment of the judgments of the plaintiffs, amounting to the sum of $153.84. On the 24th of November, 1893, before any of the lands were offered for sale, William Bunch filed with the clerk of the circuit court a schedule in which he claimed certain part of the lands as his homestead; and the clerk issued a supersedeas inhibiting the sale of the lands so selected. At the January term of the circuit court, 1894, the plaintiffs moved to quash the supersedeas on two grounds: (1) "because the clerk * * * had no authority to issue a supersedeas to restrain the sale of property decreed by the [circuit] court to be sold; and (2) "because the clerk * * * erred in permitting the defendant, William Bunch, to file a schedule [claiming] exemptions, and in issuing supersedeas." The court found the schedule "to be regular," but set aside the supersedeas, on the ground that William Bunch could not lawfully claim lands as a homestead after they had been condemned to be sold.

Since the last order was made William Bunch and J. A. Keith have died. The former left Mary Bunch, his widow, surviving him; and the latter, Mattie Edwards and J. Frank Keith, his heirs, him surviving. This proceeding has been revived in the name of Mary Bunch as appellant, and in the names of M. A. Keith, as surviving partner of J. A. Keith & Co., and Mattie Edwards and J. Frank Keith and others as appellees.

In denying to William Bunch the right to select a part of the lands condemned to be sold as his homestead, the circuit court doubtless relied upon *Turner* v. *Vaughan*, 33 Ark. 454, in which it was held, in effect, that the homestead right is

superior, under the constitution of 1868, to that acquired by the judgment creditor by instituting an action to set aside a conveyance by his debtor of a homestead for fraud, and to sell the same, and apply the proceeds of the sale to the payment of his judgment, but that the debtor waives it unless he asserts it before the decree ordering the land to be sold is rendered. But this decision was based upon the constitution of 1868, under which the cause of action arose. Under the constitution of 1874, and the statutes which provide how the exemptions allowed by it may be selected, upon which the question presented to us for decision depends, a different rule governs. The failure to claim the homestead under them, before the land constituting it is condemned to be sold to pay a debt, is no waiver. In *Robinson* v. *Swearingen*, 55 Ark. 55, it is held that "a judgment sustaining a general attachment and ordering the property sold does not [under these statutes] debar the debtor from asserting his right of homestead in the property at any time before the sale." There is no material difference in principle between that case and this. In the former the homestead was levied upon under an attachment to secure a debt, and was condemned to be sold to satisfy the debt. In the latter the filing of the complaint, the issue of summons and the service thereof upon the defendants constituted an equitable levy (*Kimberling* v. *Hortly*, 1 McCrary, 136), which filled the place of the attachment in the former; and in the latter, as in the former, an order condemning the homestead to be sold to pay the debt of the owner was made. In neither case was the judgment rendered to enforce any lien except that acquired by operation of law.

Appellees say that it was stated in their complaint in the action to set aside the conveyances for fraud, that certain lands, which were not in controversy in that action, were occupied by William Bunch as his homestead, and that this statement was not denied; and therefore insist that he should not be allowed to claim any part of the lands condemned to be sold as a part of his homestead. But the answer to the complaint does not appear in the record in this court; and, as said in *Robinson* v. *Swearingen*, *supra*, "there is nothing in the record by which it appears that the court inquired into or adjudged the defendant's

claim of homestead in the order of sale, and we can indulge no presumptions to that effect; [and,] there being no adjudication of this right, the defendant was at liberty to assert it in a manner provided by statute at any time before sale."

The judgment of the circuit court setting aside the supersedeas issued by the clerk is reversed, and the motion upon which it was based is denied.