### CLAYTON *v.* CLAYTON.

#### Opinion delivered December 1, 1924.

1. DIVORCE—APPEAL FROM ORDER AS TO CUSTODY OF CHILD.—An appeal will lie from an order concerning the custody of a child, made subsequent to a decree of divorce.

2. DIVORCE—ESTOPPEL AGAINST APPEAL.—The fact that appellant filed a motion to modify an order as to the custody of her child, which motion was dismissed without a hearing, did not estop her from appealing from such order.

3. DIVORCE—ORDER AS TO CHILD'S CUSTODY.—An order taking the custody of a seven-year-old child from its mother and sending her to a distant school outside the chancery district, made without notice to the mother, was erroneous.

Appeal from Sebastian Chancery Court, Fort Smith District; *J. V. Bourland*, Chancellor; reversed.

*Roy Gean* and *J. A. Gallaher,* for appellant.

The court's order of September 4, 1924, is void for the reason that such order was entered without any legal testimony to support it. 124 Ark. 579. The order was final and appealable. 124 Ark. 579. The order was void for want of notice to appellant. C. & M. Dig., § 6238; 69 Ark. 587.

*Arnold & Arnold,* for appellee.

Conceding, for argument's sake, that the order was void, appellant, on her motion to set same aside, did not allege a valid defense nor offer to prove any. 90 Ark. 86. See also 83 Ark. 17; C. & M. Digest, § 6293.

HUMPHREYS, J. This is an appeal from an order made by the chancery court of the Fort Smith District of Sebastian County, on September 4, 1924, awarding the custody of Dorothy Clayton to her father, Joe O. Clayton, for the purpose of taking her to Texarkana and entering her in the Patty Hill School, during the term which began September 8 of this year. On August 17, 1923, Nellie Clayton, the wife of Joe O. Clayton and mother of Dorothy Clayton, a girl child seven years of age, obtained an absolute decree of divorce from Joe O. Clayton upon the ground that he had offered such indignities to her person as rendered her condition in life intolerable. In that decree the custody and care of the child was awarded to the mother, with privilege to the father to have the child one day every two weeks.

On June 10, 1924, Joe O. Clayton filed a motion to modify the order made in said decree with reference to the custody of said child, asking that he be given the custody of her for the purpose of placing her in a school, and alleging, in support of the motion, that he had changed his conduct of life. On July 14, 1924, the motion was heard, and an order was made leaving the child in the temporary custody of her mother, Nellie Clayton, with privilege to the father to have the custody of the child one-half the time, and taking under advisement that part of the motion requesting the privilege of placing her in some school of his own selection. With reference

to this feature of the motion the decree contains the following paragraph:

"It is further ordered that, when defendant shall have arranged for the placing of the child in a school of his choice, he submit the same in writing to the court, on notice to plaintiff; provided that, in any such plan, defendant make due provision for the privilege of plaintiff to visit the child at stated reasonable times, including the reasonable expense thereto to plaintiff. Accordingly, this hearing, so far as defendant's motion to be awarded the privilege to place the child in school of his choice is concerned, is continued."

On September 4, 1924, without any notice having been given to Nellie Clayton, and without knowledge on her part, the court entered an order permitting Joe O. Clayton to place his daughter in the Patty Hill School at Texarkana, at the term beginning on September 8. There was a provision in the order directing the sheriff to deliver Dorothy to her father for that purpose, and requiring him to return her to Fort Smith at the expiration of the term, for orders touching her custody during the vacation period. This is the order from which an appeal has been prosecuted to this court, and is an order from which an appeal will lie. *Weatherton* v. *Taylor*, 124 Ark. 579. A motion was subsequently filed by Nellie Clayton upon notice to Joe O. Clayton for a modification of the order, but, as we understand from the reading of the order dismissing the motion, it was summarily dismissed without a hearing thereon, because the allegations therein called for a reiteration of testimony which had theretofore been heard by the learned chancellor and of facts with which he was familiar. We cannot agree with counsel for appellee that the motion which Nellie Clayton filed to modify the order entered on September 4, and which was summarily dismissed by the court on the 19th of September, has estopped her from taking an appeal from the order entered on September 4, which, as heretofore stated, was an appealable order.

We think the court erred in entering the order of September 4 without a notice to or without the knowledge of Nellie Clayton, to whom the custody of her child had been awarded, until a plan for schooling her had been matured and presented to the court by Joe O. Clayton, after notice to Nellie Clayton. The order of the court of date July 14 contained a provision that she should have notice when the plan for educating the child should be presented to the court for consideration. The plan presented to and adopted by the court had the effect of sending the child to a distant city and into another chancery district, which would necessarily result in depriving the mother of seeing and visiting her seven-year-old daughter at reasonable times and opportunities. The order was of vital importance to the mother as well as the child, because it severed, for the time being, the natural tie between mother and daughter, and should not have been entered without an opportunity to the mother to be heard. The evidence upon which the order was based was taken orally before the court, in the absence of Nellie Clayton, so she had no opportunity to make up a bill of exceptions which might enable her to present the case heard by the trial court, to this court for trial *de novo* on the merits. She should have been accorded this privilege.

On account of the error indicated the order is reversed, and the cause is remanded for proceedings not inconsistent with this opinion.