## HILL v. BRITTIAN.

4—2585

Opinion delivered June 13, 1932.

*Dean, Moore & Brazil* and *J. W. Johnston,* for appellant.

*John George* and *R. W. Robins,* for appellee.

BUTLER, J. F. O. Stobaugh, in his lifetime, became indebted to Dr. A. J. Brittian, the appellee, and executed certain notes to evidence the indebtedness. It is not disputed that Stobaugh owed the appellee, and that the amount represented by the notes was the true sum of the debt due. Stobaugh died intestate and R. E. Hill was appointed administrator of his estate. The appellee's claim was duly probated and became a lien on all the lands belonging to the estate and on the proceeds arising therefrom. Other debts had been probated prior to the probate of the claim of the appellee, and at the instance of the administrator a sale was ordered by the

probate court of the lands of the intestate, which sale was duly had, the purchaser executing a bond for the payment of the purchase price. Payment falling due and not having been made, the administrator brought suit in the chancery court asking judgment against the purchaser, and that a lien be fixed on the lands sold to satisfy the judgment. A decree was entered ordering the land sold as prayed by the administrator, and at the sale said administrator became the purchaser bidding the amount of the judgment. The land was struck off to him by the commissioner, and the sale was duly reported to the court with the deed which was approved by the court.

The administrator caused to be inserted in the granting clause of the deed a clause conveying the lands to "R. E. Hill, Administrator, for the use and benefit of the heirs of F. O. Stobaugh, deceased." All of the heirs of F. O. Stobaugh were adults, and, shortly after the aforesaid deed to Hill, he conveyed parts of these lands to some of the heirs.

This case was instituted by the appellee against the administrator and the heirs-at-law of F. O. Stobaugh, charging that the administrator fraudulently procured the deed from the commissioner of the court to himself as "administrator for the use and benefit of the heirs of F. O. Stobaugh, deceased"; that he had conveyed these lands, or a part of them, to certain of the heirs, and that his procurement of the deed and his conveyance to the heirs was with the fraudulent purpose of attempting to defeat the creditors of F. O. Stobaugh and especially the appellee. It was further alleged that these deeds constituted a cloud upon the title to the lands to the injury of the appellee and other creditors having judgment liens thereon. The prayer of the complaint was that the above-mentioned deed executed by the commissioner to R. E. Hill, administrator, and the order of the court approving and confirming the same, be corrected so as to omit the words "for the use and benefit of the heirs of F. O. Stobaugh, deceased," and that the

deeds made by Hill to the heirs be canceled, and the lands subjected to the payment of all probated claims. To this complaint an answer was filed and evidence was heard on the issues joined. The court, on the 10th day of September, 1931, rendered a decree finding the facts to be as alleged in the complaint and granting the prayer thereof.

Proceedings in the instant case are the sequel to protracted litigation between the parties, branches of which have been before this court on two previous occasions. The facts disclosed in these lawsuits make interesting reading, but they are unimportant, and a statement of them is unnecessary.

The order of the court approving the sale and deed to the appellant as administrator, etc., was made in 1928, and the decree to correct it was made in 1931 in a suit filed in that year. On appeal counsel for the appellant contends that the court was without jurisdiction to render the decree in the instant case because the order sought to be reformed was made at a term of court which had lapsed, and the court was therefore without power to correct the order made at a subsequent term.

It is next contended that the court, on November 2, 1931, without any proof made an order appointing a receiver to take charge of the assets of the estate and directing the administrator to deliver the same to the receiver.

On the first contention, it is sufficient to say that it is apparent that the decree in the instant case was in its nature a proceeding for an order *nunc pro tunc* to make the record of the order entered at the previous term of the court correctly reflect what was actually done, the court finding that the sale was in reality made to Hill as the administrator of the estate of F. O. Stobaugh and for the benefit of said estate. The court further found that neither Hill not the heirs paid anything to the commissioner, but that the said administrator fraudulently caused to be inserted into the deed the clause "for the use and benefit of the heirs of F. O. Stobaugh, deceased,"

and that this was for the purpose of attempting to defeat the creditors of the estate in the collection of their claims against it.

The decree recites that evidence was introduced at the hearing, and the parties stipulate that the case was heard on the exhibits and depositions of S. E. McReynolds. This deposition is not abstracted, and a search we have made of the transcript fails to disclose it therein. We must therefore assume that the finding of the chancellor was in accord with the evidence introduced and supported by it.

The appellant invoked the aid of the chancery court for a judgment against the purchaser at the sale made under the order of the probate court and to affix a lien on the lands sold for the payment of the purchase price bid by him. The chancery court therefore had jurisdiction to correct this record in a subsequent proceeding and to proceed to administer complete relief. *DuVall* v. *Marshall,* 30 Ark. 230; *Rhinehart* v. *Gartrell,* 33 Ark. 727; *Sorrels* v. *Trantham,* 48 Ark. 386, 3 S. W. 198, 4 S. W. 281.

Counsel for appellant allege error of the court in the appointment of a receiver to take charge of the assets of the estate. We are unable to understand this assignment of error, as we cannot find where any receivership was prayed for or ordered in the instant case. But, if any such order had been made, we think the record before us and the history of the other proceedings of which we have knowledge and with which the chancellor was familiar justified the proceeding. *DuVall* v. *Marshall, supra.*

It is stated by counsel for the appellees that Glenna Cain intervened in the court below, and that she acquired an interest in the lands of decedent by a deed, regular on its face, purporting that the conveyance to her was for a valuable consideration. The decree recites that Glenna Cain appeared by her solicitor, and proceeds to quiet title in the estate of Stobaugh, declares the probated claims a lien, orders a sale to satisfy the same, and retains jurisdiction for further orders. We are un-

able to find where Glenna Cain has appealed from the order and decree of the chancery court, although counsel insist that she has done so.

The record before us presents no reversible error. The judgment of the trial court therefore is correct, and it is affirmed.