WARDLOW *v.* McGHEE.

4-3092

Opinion delivered October 2, 1933.

Appellant *pro se.*

W. A. *Dickson* and *Price Dickson,* for appellee.

BUTLER, J.   On October 30, 1930, the Benton Chancery Court rendered a decree setting aside a conveyance from Con Primrose and wife, Gertie Primrose, to Fannie Wardlow as made in fraud of creditors, and also as to a subsequent deed made by Fannie Wardlow to a part of the lands conveyed to her to Dee Primrose, except as to one 80-acre tract which the court found was the homestead of the said Con and Gertie Primrose at the time of their conveyance.   The allegations of the complaint in that case were that the conveyances were made with the fraudulent intent to defeat J. P. McGhee in the collection of a debt owing him by said Con and Gertie Primrose which had been reduced to judgment.   The prayer was that the conveyances be set aside and the land subjected to the payment of his judgment debt.   All the parties.

grantor and grantee, in the alleged fraudulent conveyances answered denying the allegations of the complaint and affirming that the conveyances were *bona fide* and made for a valuable consideration. On these issues testimony was adduced on behalf of the plaintiff and defendants with the result announced.

On November 12, 1931, a day of the same term, defendants filed a motion to set aside and modify the decree. The order of sale was suspended pending the hearing of said motion, which was continued from time to time until April 14, 1931, when the motion was overruled. The case came to this court where the appeal was found not to have been taken within the time limited by law, and the same was dismissed.

The present proceeding was begun on June 23, 1932, by the appellant's filing in the Benton Chancery Court a petition by which she sought to reopen the suit and set aside the decree before mentioned. This petition contained, in addition to said purpose, an averment that a certain 40 acres of the land involved in the former decree was her homestead of which she was in possession, and there was a prayer that her homestead right be ascertained and the sale enjoined as to it. To this petition a response was filed denying appellant's right to have the decree set aside or modified and, further responding, appellee denied the averment of appellant as to her homestead right alleging that such right, if any, had been adjudicated in the prior proceedings, and that the decree therein rendered was *res judicata*. At the trial the evidence adduced in the previous suit was introduced and other testimony taken and the court refused to vacate its former decree, but adjudged that the 40 acres mentioned in the petition was in fact the homestead of Fannie Wardlow and in effect enjoined the sale thereof under the former decree. The appellant appealed from that part of the decree refusing to vacate the former decree, and the appellee filed his cross-appeal from that part of the decree finding for Mrs. Wardlow on her plea of homestead.

Without setting out the petition at length, which we deem unnecessary, it may be said that it contained no averment of any of the causes for which a judgment or decree may be vacated or modified set out in the statute. In numerous decisions, beginning with *Brady* v. *Hamlett,* 33 Ark. 105, this court has held that after the expiration of the term a judgment can be set aside or modified only in the way and for the reasons mentioned in the statute; or by bill of review in equity, which is an independent proceeding to reverse or modify a decree rendered at a former term and lies only for an error of law apparent from a comparison of the decree and the pleadings and findings, or for new matter the evidence of which has become known since the date of the decree and could not have been before discovered by the use of reasonable diligence. *Evans* v. *Parrott,* 26 Ark. 600; *Boynton* v. *Chicago Mill & Lbr. Co.,* 84 Ark. 203, 105 S. W. 77. The petition contains none of the allegations of a bill of review.

The cause alleged in the petition is that appellant's motion to vacate filed at the same term at which the decree was rendered was continued from time to time on motion of her adversary and until April 14, 1931, a period of five months and 22 days from the date of the decree, and that she and "her attorneys anticipated and had reason to believe and did believe at all times that in the event said motion to modify was overruled she and her co-defendant would be given the statutory period from the date of the overruling of her motion in which to lodge her appeal in the Supreme Court, * * * and was taken by surprise when confronted by the fact she had only nine days in which to perfect her appeal, and was wholly unable to avail herself of an appeal, etc." This is a plea to a mistake of law which is no ground for modifying or vacating a judgment.

On cross-appeal appellee relies on the plea of *res judicata* and on the rule as stated in *Taylor* v. *King,* 135 Ark. 43, 204 S. W. 614, and many other cases: "The judgment or decree of a court of competent jurisdiction operates as a bar to all defenses, either legal or equit-

able, which were interposed or which could have been interposed in the former suit." Appellee relies especially on the case of *Turner* v. *Vaughan*, 33 Ark. 454, where it was held that, although a conveyance of land set aside for fraud at the suit of creditors does not estop the grantor from claiming a homestead in the premises conveyed, he must assert his claim in that suit or he will be afterward barred. As is pointed out, however, in the case of *Bunch* v. *Keith*, 64 Ark. 654, 44 S. W. 452, the case of *Turner* v. *Vaughan*, *supra*, arose under the Constitution of 1868, and the decision was based upon a consideration of that Constitution, but that, since the adoption of the Constitution of 1874, and the statutes passed in aid thereof providing how exemptions allowed may be selected, a different rule governs, and now a judgment sustaining a bill to set aside a conveyance of his homestead by a debtor as fraudulent and ordering it sold will not bar him from claiming it as exempt before the sale. This the homestead claimant may now do under the doctrine of *Bunch* v. *Keith*, which has been approved and reaffirmed in *Gray* v. *Bank of Hartford*, 137 Ark. 232, 208 S. W. 302.

In this case the chancellor might have treated the petition as a complaint to enjoin the sale of homestead right of the petitioner. The decree of the court reflects that evidence was heard, but this evidence has not been brought forward in the record, and we must assume it was sufficient to sustain the finding of the court. It follows that the decree will be affirmed, both on appeal and cross-appeal.