REYNOLDS v. TASSIN.

4-8455                                                                 208 S. W. 2d 987

Opinion delivered March 1, 1948.

*A. D. Whitehead,* for appellant.

*Dinning & Dinning,* for appellee.

McHANEY, Justice.   The custody of Bobby Joe Reynolds, about seven or eight years old, is involved in this appeal.   He is the child of appellant and appellee who were formerly husband and wife.   The same question was involved in *Reynolds* v. *Tassin,* 209 Ark. 890, 192 S. W. 2d 984, and we affirmed the order of the Chancery Court of September 19, 1945, which awarded such custody to appellee for nine months of each year, and to appellant for three months each year, on condition that appellant pay to appellee $5 each week while such child was in her custody for its support and maintenance.

On November 26, 1946, about eight months after the rendition of our former opinion, appellant filed his petition to modify said order of September 19, 1945, so as to give him the entire custody of said child, subject to the right of appellee to visit her child at all reasonable times. He alleged that conditions regarding the welfare of said child have materially changed since said decree in favor of appellant in these respects: that his home has been enlarged and greatly improved, including modern conveniences therein; that he has joined the West Helena Baptist church, of which his present wife is also a member; that said child would have the benefit of good schools

and churches; that the home of appellee and her husband is not modern, is in a sparsely inhabited district in Louisiana and no playmates for said child; and other matters were alleged against Mr. Tassin, the stepfather of said child. Appellee denied that there has been any such change in the situation of the parties as to justify a change in the custody of said child as prayed, but asserts that, if any change has been made, it supports and confirms the former decree, and she denied the other allegations regarding her present home and surroundings.

We have here a large record, consisting of testimony of a number of witnesses on each side. We think it would serve no useful purpose to detail this testimony here. One of the witnesses for appellee was appellant's mother who had visited in the Tassin home a short time before testifying. After testifying that said home and surroundings were very good, she was asked on cross-examination what interest she had down there, and answered: "My baby child was there, Bobbie Joe; I wanted to know if he had a good home, and he has a good home, and I don't want it torn up." She also testified that they had a bathroom in the house, but the toilet was an outside one.

The evidence as to the kind of home and the surroundings is in dispute, but we think the preponderance of the evidence supports the court's finding that there is no material change for the worse in the situation of said child which would justify a change in its custody.

It is well settled that "a decree fixing the custody of a child is final on conditions then existing and should not be changed afterwards unless on altered conditions since the decree was rendered or on material facts existing at the time of the decree, but unknown to the court, and then only for the welfare of the child." *Phelps* v. *Phelps,* 209 Ark. 44, 189 S. W. 2d 617, headnote 1. See, also, *Keneipp* v. *Phillips,* 210 Ark. 264, 196 S. W. 2d 220; *Reynolds* v. *Tassin, supra.* Also, in custody cases, the court must give first consideration to the best interests of such child, and where a change in custody is sought by modification of a former decree, the burden of showing such a change in

conditions as to justify such modification is on the party seeking it. See cases above cited.

The decree is accordingly affirmed.