## VENEGAS v. MASCORRO.

4-8987                                                  224 S. W. 2d 532

Opinion delivered November 28, 1949.

*Claude F. Cooper,* for appellant.

ED. F. McFADDIN, Justice. This is a controversy between the mother and the father, each seeking the custody of their baby, 13 months of age at the time of the trial. The chancery court awarded the custody to the mother, and that ruling is challenged by this appeal. Our cases hold that an order awarding the custody of a child is appealable;[1] and that on appeal we try the case *de novo* on the record, and reverse the decree of the

---

[1] *Weatherton* v. *Taylor,* 124 Ark. 579, 187 S. W. 450; *Clayton* v. *Clayton,* 166 Ark. 597, 267 S. W. 128.

chancery court if we find it to be contrary to the preponderance of the evidence.[2]

In the light of these holdings, we examine the testimony in the case at bar. Appellant, Maximilian Venegas, then aged 22 and Lena Mascorro, then aged 16, were married in 1946. Their child—a boy named Esmeriljildo Venegas, and whose custody is the subject of this litigation—was born in November, 1947, in the home of Maximilian's parents in Mississippi county. In 1948, Lena Mascorro Venegas, a minor, by her next friend, Joe Mascorro, filed suit for divorce and for the custody of the child. The chancery court heard the testimony *ore tenus*, and denied Lena Venegas a divorce, but awarded her the custody of the child. The decree recites this finding:

"The court further finds that the plaintiff is unable to find work to support herself and child in the State of Arkansas and that she does not have a suitable home in the State of Arkansas in which to rear said child and that it is her intention to take said child to Weslaco, Texas, where she and said child will reside with her father.[1] That by so doing she will remove said child from the jurisdiction of this court. That before she removes said child from the jurisdiction of this court she should be required to post bond with the Clerk of this court in the sum of three hundred dollars, conditioned upon her returning said child to the jurisdiction of this court in the event this cause should be reversed in the Supreme Court and the custody of said child should be awarded to defendant."

As previously stated, the sole question is the custody of the child. The evidence shows that Pedro Mascorro, the father of Lena Venegas, owns his home and place of business in Weslaco, Texas, where he has lived for 38 years; that this home, containing three bedrooms, is occupied by himself, his wife and their 12-year-old daughter. Pedro Mascorro testified that he and his wife would be happy to have Lena Venegas and her baby live

[2] *Blake* v. *Smith,* 209 Ark. 304, 190 S. W. 2d 455; *Reynolds* v. *Tassin,* 209 Ark. 890, 192 S. W. 2d 984.

in the home in Weslaco, and that he is financially able to provide support for them. On the other hand, appellant and his witnesses testified that the baby would be properly reared if the court awarded the custody to Maximilian Venegas, who would have his sister care for the baby in the home of Maximilian's parents. It is of particular significance that none of the appellant's witnesses testified adversely either to the sufficiency of the home of Pedro Mascorro or to the proper support he would provide for the child.

The chancellor, after having seen and heard the witnesses, reached the conclusion that the mother should have the custody of the 13-months old baby. To list all the cases wherein the custody of a child of tender years has been awarded to the mother, is unnecessary.[3] The polestar in child custody cases is the determination of what is the best interest of the child. We cannot say that the chancellor's decision is contrary to the preponderance of the evidence on this question, so the order is affirmed.

In the appellant's brief there were references to matters claimed to have occurred since the decree, and not shown in the record. We have not considered such allegations, as they should be addressed to the chancery court. Affirmed.

---

[3] In *Reynolds* v. *Tassin*, 209 Ark. 890, 192 S. W. 2d 984, a few of such cases were listed to support the statement: ". . . this court has always been reluctant to deprive a child of tender years of the care and affection of his mother."