SUTHERLAND *v.* SUTHERLAND.

5-3161                                                383 S. W. 2d 663

Opinion delivered November 16, 1964.

*Shelby C. Ferguson,* for appellant.

No brief filed for appellee.

ED. F. McFADDIN, Associate Justice. The vital question is the custody of a little girl four years of age named Alicia[1] Faye Sutherland, the child of the appellant, Mrs. Dorothy Sutherland, and the appellee, John D. Sutherland.

In June 1962 John D. Sutherland, by his guardian,[2] N. W. Sutherland, filed suit for divorce and for care and custody of the little girl. By cross complaint Mrs. Dorothy Sutherland also sought divorce and care and custody of their child. There were several hearings, and, during the pendency of the divorce suit, the parties resumed cohabitation and then re-separated. The cohabitation

---

[1] In some places, the first name of the child appears as "Letha."

[2] It is alleged that the guardianship of John D. Sutherland is because of a mental condition.

ended the pending divorce suit; but the Chancery Court had heard enough testimony to be seriously concerned about the welfare of the child. A deplorable situation is presented by the evidence, some competent and some incompetent. At all events, on April 30, 1963, the Chancery Court entered this decree:

"Now on this 30 day of April, 1963, comes on to be heard the matter of the custody of Alicia Faye Sutherland, minor child of John D. Sutherland and Dorothy Sutherland, pursuant to a decree of this Court dated January 8, 1963.

"This Court finds that on January 8, 1963, the Arkansas State Department of Public Welfare was asked to make a full, careful, and complete investigation of relatives of said child in order for this Court to determine where the custody of the child should be placed. The Welfare Department was also directed to report its findings and judgment as to the custody to this Court. However, shortly after the Order was made, the home was involved in a murder attesting to the unsuitability of the mother's home.

"That from this event and a report made by Mr. J. O. Benton, Director of Fulton County, the Court finds that the custody of the said minor child should be placed with the Child Welfare Division of the State Department of Public Welfare.

"IT IS THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED that the custody of Alicia Faye Sutherland be and hereby is placed with the Child Welfare Division of the State Department of Public Welfare until further orders of this Court or the Probate Court of this County. The mother, Mrs. Dorothy Sutherland, is hereby ordered and directed to bring Alicia Faye Sutherland to this Court and turn the child over to a representative of the Child Welfare Division of the State Department of Public Welfare or to be in contempt of this Court.

"IT IS SO ORDERED."

It is from the foregoing decree regarding the custody of the daugther that Mrs. Sutherland has prosecuted this appeal, proceeding *in forma pauperis* through her attorney, who is serving without compensation. She urges these five points:

"1. When the plaintiff and defendant resumed marital relations, the Chancery Court was without further jurisdiction of the parties or subject matter.

"2. The Court's Decree of April 30 is void because no notice was given to either the plaintiff or defendant that the Court was about to take action on custody of child.

"3. The Court's Decree in awarding custody of child is void because custody was awarded to a stranger to the action.

"4. Court was without authority to rely on mere reports of officers of departments and double hearsay to base his decree of custody of child.

"5. The sworn testimony does not justify the Court's Decree."

It is unnecessary for us to consider each point separately. There is no appearance here by the appellee, John D. Sutherland, or his guardian; but the State Welfare Department has appeared in this Court as intervener. The Attorney for John D. Sutherland has died and the appellee's guardian has not employed other counsel. The Welfare Department states:

"Both the juvenile court and the chancery court hesitate to make any orders regarding the welfare of this child while this action is pending. Since the mother has had the child for over two years and there have been changes in circumstances that would necessitate a rehearing to determine whether the home of the mother is suitable for the child at this time, the case should be remanded to the chancery court."

The best interest of the child is always the polestar in these custody cases. *Roberts* v. *Roberts*, 216 Ark. 453,

226 S. W. 2d 579; *Venegas* v. *Mascorro*, 216 Ark. 173, 224 S. W. 2d 532. Here, the Chancellor made an order that was only intended to be temporary. The mother wants the custody case heard on its merits; the Welfare Department desires the same thing; and the father has not appeared. We therefore conclude that the best interest of the little girl will be served by remanding this cause to the Chancery Court to reinvest it with jurisdiction. There, the parents, the Welfare Department, and/or the juvenile authorities will have ample opportunity to take proper steps to insure that the best interests of this little girl are properly protected.

It is so ordered.